UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **In re DEBRA FELDMAN,** )<br>　　　　　**Debtor,/Appellant** )<br>)<br>　　　　v. )<br>)<br>)<br>)<br>**JOHN O. DESMOND, Chapter 7 Trustee, and** )<br>**H&R BLOCK EASTERN ENTERPRISES, INC.**)<br>　　　　　**Appellees.** )<br>) | Civ. Act. No. 20-11568-TSH<br>Bankruptcy Chapter 7<br>Case No. 16-13432-MSH |

### MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT
September 22, 2021

**HILLMAN, D.J.**

### Nature of the Proceeding

This is an appeal by the Debtor, Debra Feldman ("Feldman"), in a Chapter 7 Bankruptcy proceeding from a final order of the United States Bankruptcy Court for the District of Massachusetts holding her in civil contempt. More specifically, Feldman is appealing the Bankruptcy Court's "unlawful seizure of property and order for sanctions [entered] on July 30, 2020."

**Background**

On July 14, 2020, the Bankruptcy Court filed an Order (the "July 14th Order") requiring Feldman to comply with its prior orders to dismiss a civil action pending in Essex Superior Court which she had initiated against H&R Block Eastern Enterprises, Inc. ("H&R Block")(Civ. Action No. 2077CV00413B)("Essex Superior Case") by filing an Order of Dismissal in the form attached to thereto. If Feldman failed to file a notice on the Bankruptcy Court docket by 12 p.m. on July 15, 2020 certifying her compliance with the court's July 14th Order, she would be subject to a monetary sanction of $1,000 per day until she complied. On July 30, 2020, the Bankruptcy Court held a show cause hearing, via telephone, on the issue of whether Feldman should be held in civil contempt for failure to comply with the July 14th Order. Thereafter, the court issued an Order (the "July 30th Order") in which it: (1) found that Feldman had not complied with its July 14th Order and had not evidenced any intention to do so; (2) held Feldman to be in civil contempt of court which she could purge by dismissing the Essex Superior Case and paying in full to the Clerk of the Bankruptcy Court the outstanding monetary sanction previously imposed ($1,000 per day from July 16, 2020); and (3) ordered that if Feldman failed to dismiss the Essex Superior Case by 9 a.m. on August 3, 2020, the sanction would increase to $2,000 per day. The court further advised Feldman that continued refusal to comply with its orders could result in her arrest and incarceration.

On August 3, 2021, Feldman filed her Notice of Appeal of the Bankruptcy Court's July 30th Order. On May 10, 2021, Feldman filed a motion to stay these proceedings (Docket No. 20) pending the Essex Superior Court's ruling on her motion to vacate the dismissal of the Essex Superior Case which she expected to be heard by the court on June 3, 2021.[1] For the reasons set

---

[1] Feldman's motion to stay and continue these proceedings is **denied.** In any event, all parties have filed their briefs in this action and therefore, the motion is moot.

forth below, the July 30th Order of the Bankruptcy Court is *affirmed*. Accordingly, Feldman's appeal is *dismissed.*

## Standard of Review

This Court reviews rulings of law made by the Bankruptcy Court *de novo* and findings of fact for clear error. *See In re Boston Regional Medical Center, Inc.*, 410 F.3d 100, 108 (1st Cir. 2005).  Accordingly, "[a] court reviewing a decision of the bankruptcy court may not set aside findings of fact unless they are clearly erroneous, giving 'due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses.'" *Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997(citation to quoted authority omitted).  "A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 785 (citation to quoted authority omitted).

Finally, when a reviewing court "scrutinize[s] factual determinations and discretionary judgments made by a bankruptcy judge … considerable deference  [is given] to the bankruptcy court:

> 'Historically, bankruptcy courts have been accorded wide discretion in connection with fact-intensive matters and in regard to the terms and conditions of the engagement of professionals.... The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails.'"

*In re DN Assoc., d/b/a Atlantic Motor Inn v. Dn Assoc., d/b/a Atlantic Motor Inn.,* 3 F.3d 512, 515 (1st Cir. 1993)(citation to quoted case omitted).

**Discussion**

A Brief Factual Summary of Prior Proceedings Between the Parties

Feldman was employed by H&R Block for approximately 13 years pursuant to an employment agreement. Upon leaving H&R Block, Feldman violated certain restrictive covenants contained in that agreement and H&R Block brought an action against Feldman for breach of contract. The matter ultimately went to arbitration and H&R Block prevailed and was awarded damages, attorneys' fees and costs. The award to H&R Block was affirmed in all respects in Massachusetts Superior Court and ultimately on appeal to the Supreme Judicial Court of Massachusetts. Feldman filed for Chapter 7 Bankruptcy on the day that the arbitrator had scheduled a hearing on the issue of damages. Since filing for bankruptcy, Feldman has pursued multiple claims against H&R which are property of the bankruptcy estate. Moreover, the Bankruptcy Court, over Feldman's objection, approved a Compromise Settlement releasing claims against H&R Block and others which would include the claims she asserted in the Essex Superior Case. Thereafter, the Bankruptcy Court repeatedly ordered Feldman to dismiss the Essex Superior Case. Her failure to comply led to the July 30th Order holding her in civil contempt and imposing per diem monetary sanctions until she filed the Order of Dismissal (which she ultimately did).

Whether Feldman's Appeal should be Dismissed

Feldman appeals from the Bankruptcy Court's July 30th Order which she alleges resulted in the unlawful seizure of her property (the Essex Superior Case) and the wrongful imposition of sanctions against her. As pointed out by the Appellees, H&R Block and John Desmond, the Chapter 7 Trustee, Feldman's brief asserts facts and legal argument that go well beyond and are irrelevant to the issues raised by her appeal. Moreover, a number of the legal arguments she

raises in this action were not raised before the Bankruptcy Court and cannot be raised for the first time on appeal and are therefore, deemed waived. However, more to the point, since the arbitration decision against her was affirmed by the Massachusetts state courts, Feldman has filed repeated frivolous and vexatious claims and pleadings in this Court, the Bankruptcy Court and Massachusetts state courts. One of those frivolous actions was the Essex Superior Case and after repeated notices to Feldman, multiple hearings and warnings, and more than one opportunity to comply with its July 14th Order to dismiss that case, the Bankruptcy Court held Feldman in civil contempt and imposed monetary sanctions until she complied.  As stated previously, Feldman takes issue with the Bankruptcy Court's ruling.

After careful review of the parties' filings, I find that there was no error in the findings of the Bankruptcy Court (clear or otherwise) and that the court acted well within its authority and therefore, its ruling is affirmed. Moreover, given the comprehensive and detailed factual and legal analysis set forth in the Appellees' briefs, the Court is not inclined to waste judicial resources in what would amount to a regurgitation of their well stated positions. Accordingly, Feldman's appeal of the July 30th Order is dismissed for the reasons stated and as more fully presented in the Appellee's briefs, *i.e.*, (1) she has failed to challenge the factual findings made by the Bankruptcy Court (which I therefore adopt); (2) the new arguments and claims she raises in her brief (as described in Appellees' briefs) are waived; (3) the Bankruptcy Court's orders were well withing its discretion; (4) the July 30th Order holding Feldman in contempt was not void for lack of jurisdiction, 11 U.S.C.  §365 is not applicable, and the collateral source rule does not apply.

## Conclusion

1. The Motion For Stay And Continuance Of These Proceedings (Docket No. 20) is *denied*; and

2. The ruling of the Bankruptcy Court is *affirmed* and the appeal is hereby *dismissed*.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE
